STATE OF IOWA v. HARRY CLAYTON, Appellant.

**Criminal law:** MURDER: SELF-DEFENSE: BELIEF OF DANGER: EVIDENCE. 1 On a prosecution for the killing of deceased who, in a friendly way, was resisting an alleged assault of a third person, the evi-

dence is held to require submission of the question of defend-
ant's reasonable belief of imminent danger at the time of the
shooting.

**Same:** INSTRUCTIONS: REASONABLE DOUBT. Where the court clearly
told the jury that it could only convict defendant of murder in
case it was satisfied of his guilt beyond a reasonable doubt, in
view of the justification or excuse relied upon, failure to ex-
pressly charge that the burden was upon the State to show beyond
a reasonable doubt that. the shooting was not in self-defense, was
not erroneous; since the jury could not have understood that the
defendant had the burden of showing justification.

*Appeal from Woodbury District Court.*—HON. J. F.
OLIVER, Judge.

TUESDAY, FEBRUARY 8, 1910.

THE defendant was indicted for murder in the second
degree, committed in the killing of one Mel Powers. The
conviction was for manslaughter, and defendant appeals.—
*Affirmed.*

*Chas A. Dickson* and *Fred W. Sargent,* for appellant.

*H. W. Byers,* Attorney-General, *Chas. W. Lyon,* As-
sistant Attorney-General, and *U. G. Whitney,* County At-
torney, for the State.

McCLAIN, J.—On the 29th day of June, 1908, at
about ten o'clock in the evening, the defendant and one
Sheeler, who had been drinking in a saloon in Sioux City,
came out upon the sidewalk to where Sheeler's horse was
hitched. With them were the deceased and two or three
other persons. One Hanson, defendant's friend, who was
an assistant in the saloon, gave to defendant a revolver,
which defendant placed inside his trousers, and which, as
Hanson testifies, defendant was to carry for him to their
rooming house. Defendant, whose stomach was delicate,

leaned over by Sheeler's horse to vomit at the edge of the sidewalk, and was spoken to by Sheeler in a rough way, but defendant requested to be left alone, as he was sick, and Sheeler went to the rear wheel of the buggy, where he was with Powers when defendant, recovering from his sickness, approached him. The evidence for defendant tends to show that Sheeler poked a revolver at defendant's stomach, whereupon defendant jumped back, drew the revolver which Hanson had given him, and, partially turning, fired towards Sheeler, but hit Powers, causing his instant death. Giving to the evidence for defendant the most favorable construction of which it is capable, the question was whether defendant had fired at Sheeler in self-defense, and by accident hit Powers, who had attempted to intervene between the two. The court instructed the jury with reference to justifiable self-defense, in which Powers was unintentionally killed, and the two questions presented in the argument are, first, was there sufficient evidence to sustain the verdict in this respect; and, second, was there error in the instructions as to the burden of proof regarding self-defense?

I. The evidence in the record leaves no reasonable question in our minds as to its sufficiency to justify submission to the jury of the question as to defendant's guilt. Although defendant testified that when he approached Powers and Sheeler the latter put his revolver against the defendant's stomach, and said, after applying to him an epithet, "I have a notion to bump you off," yet on the evidence of defendant's own witnesses as to the circumstances under which the statement was made the jury might well have believed that defendant had no reasonable ground to infer an intention, on the part of Sheeler, to inflict violence, and defendant's account of the transaction is denied by Sheeler. Defendant himself testified that there was no animosity between him and Sheeler, and that he had no reason to anticipate violence at Sheeler's hands. The fact that de-

1. CRIMINAL LAW: murder: self-defense: belief of danger: evidence.

ceased, as a friend of both parties, intervened on appearance
of trouble between them did not necessarily show that de-
fendant anticipated any intention to shoot on Sheeler's part.
According to defendant's own story, if Sheeler intended to
shoot him, he had ample opportunity to do so before de-
fendant had jumped back and could draw his revolver. The
words used, according to defendant's own story, did not
justify the belief that Sheeler proposed to shoot. The whole
question of defendant's reasonable belief of imminent danger
from Sheeler was clearly for the jury, and we have no oc-
casion to interfere with the verdict on the ground that it
is not supported by the evidence.

II.   The only complaint as to the instructions is that
the court erred in not expressly charging the jury that
the burden of proof was on the state to show, beyond a

*2. SAME: in-
structions:
reasonable
doubt.*
reasonable doubt, that the shooting was not
done in self-defense; and, in support of this
contention, counsel rely entirely upon two
opinions of this court, on successive appeals in the case of
*State v. Matheson,* reported in 130 Iowa, 440, and 142
Iowa, 414. We are satisfied, however, that the instruc-
tions given in the case before us are not open to the ob-
jection urged against them. They are too long to quote
in full; but, at the beginning of the first of them, the
court specifically told the jury that, before there could be
a conviction of defendant, the jury "must be satisfied
from the evidence to the exclusion of every reasonable
doubt" that defendant was not justified in shooting and
wounding the deceased. The following paragraphs of that
instruction contained a statement only as to the law with
reference to self-defense and did not purport to cast any
burden on the defendant to establish affirmatively de-
fendant's justification or excuse. In the next paragraph
the jury was instructed that if it was satisfied from the evi-
dence to the exclusion of every reasonable doubt that de-
fendant inflicted a mortal wound upon deceased with

malice aforethought, and without being justifiable or excusable in doing the act complained of, as stated and explained in the preceding instruction, "or if from all the evidence you entertain a reasonable doubt" as to defendant's guilt of this degree or grade of offense, then he should not be convicted. In view of the fact that the court thus expressly told the jury in these two instructions that defendant could only be convicted if they were satisfied beyond a reasonable doubt of defendant's guilt in view of the justification or excuse relied upon, we think the jurors could not possibly have understood that defendant had the burden of showing justification or excuse. The instructions under which the defendant was found guilty of manslaughter, rather than of murder in the second degree, are not the subject of complaint. The conviction is therefore *affirmed*.